Approved: _____

ANDEN CHOW
Assistant United States Attorney

Before:   THE HONORABLE BARBARA MOSES
          United States Magistrate Judge
          Southern District of New York

**20 MAG 7699**

- - - - - - - - - - - - - - - - - X

                      :

UNITED STATES OF AMERICA

      - v. -

FLOR ALEJANDRA CAICEDO,

               Defendant.

- - - - - - - - - - - - - - - - - X

:
:
:   **SEALED COMPLAINT**
:
:   Violations of
:   18 U.S.C. §§ 1344 & 1956
:
:
:   COUNTY OF OFFENSE:
:   NEW YORK
:
:

SOUTHERN DISTRICT OF NEW YORK, ss.:

       MICHAEL RYAN, being duly sworn, deposes and says that he is a Special Agent with Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE
(Money Laundering Conspiracy)

       1.   From at least in or about 2017, through in or about 2019, in the Southern District of New York and elsewhere, FLOR ALEJANDRA CAICEDO, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Section 1956.

       2.   It was a part and an object of the conspiracy that FLOR ALEJANDRA CAICEDO, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the

nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h).)

## **COUNT TWO**
(Money Laundering)

3.    From at least in or about 2017 up to and including in or about 2019, in the Southern District of New York and elsewhere, FLOR ALEJANDRA CAICEDO, the defendant, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Section 1956(a)(1)(B)(i)& 2.)

## **COUNT THREE**
(Bank Fraud)

4.    From at least in or about 2017, up to and including 2019 present, in the Southern District of New York and elsewhere, FLOR ALEJANDRA CAICEDO, the defendant, did knowingly execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution insured by the Federal Deposit Insurance Corporation, by means of material false and fraudulent pretenses, representations, and promises, to wit, CAICEDO used fraudulent identification information to open multiple bank accounts and access the funds in those accounts.

(Title 18, United States Code, Section 1344(2))

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.    I am a Special Agent with FBI and I have been personally involved in the investigation of this matter. This affidavit is based upon my investigation, my conversations with

2

witnesses and other law enforcement agents, my review of reports prepared by other law enforcement agents, and my review of bank records and websites. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

Overview

6. From my participation in this investigation, I know that since at least 2017, groups of individuals operating in the United States and foreign countries have been engaged in a scheme to defraud individuals and businesses using business e-mail compromises, among other methods.

7. From conversations with victims of the scheme and from reviewing records provided by victims, various banks, and the law enforcement reports, I have learned that scheme typically operates as follows:

a. First, the conspirators learn, often through a compromised e-mail account, that an individual or business is about to engage in a legitimate wire transaction.

b. Next, the conspirators typically impersonate the counterparty and trick the victim individual or business into wiring the money into bank accounts under the control of the conspirators instead of to the intended payee.

c. Then, shortly after receiving the victims' wires, the conspirators withdraw the fraudulent proceeds from the bank accounts, and send it among various other bank accounts to hide the origin of the funds.

<u>FLOR ALEJANDRA CAICEDO's Participation in the Scheme</u>

8. From my review of bank records, bank surveillance footage, law enforcement records, and reports filed by victims, I have learned the following, in substance and in part:

3

*Suntrust and Chase Best Janitor Accounts*

a. On or about February 27, 2017, a new bank account was opened in Georgia at Suntrust Bank under the name "The Best Janitor Cleaning Services LLC" (the "Suntrust Best Janitor Account").  The signor of the account was "Flor A Caicedo" and the address 3605 Tree Summit Parkway, Duluth, Georgia was associated with the account.  A Georgia driver's license bearing the number 058624820 was used to open the account.

b. Based on records maintained by the Georgia Department of Driver Services, I have confirmed that a driver's license bearing number 058624820 (the "Caicedo License") was issued to FLOR ALEJANDRA CAICEDO, the defendant.

c. On or about May 3, 2017, an institution of higher learning ("Victim-1") reported that through a business e-mail compromise, Victim-1 had been fraudulently instructed to wire $1,975,213.93 to the Suntrust Best Janitor Account instead of its intended recipient, a construction company.

d. Bank records show that after the Suntrust Best Janitor Account received the $1,975,213.93 from Victim-1 on April 27, 2017, portions of it were immediately transferred out via a series of withdrawals.  For example, between April 27, 2017, and May 3, 2017, there were 36 outgoing checks ranging from $2,550 to $195,000, as well as numerous smaller outgoing wires, checks, cash withdrawals, and commercial purchases. Finally, the Suntrust Best Janitor Account was closed on May 8, 2017, and the final $642,816.07 was seized to be returned to Victim-1.

e. Bank records show that among the withdrawal transactions was a $60,000 check that was drawn on the Suntrust Best Janitor Account and deposited in a bank account at Chase bank, also opened under the name "The Best Janitor Cleaning Services LLC" (the "Chase Best Janitor Account").  Then, on May 1, 2017, the Suntrust Best Janitor Account sent another $82,000 to the Chase Best Janitor Account.  The Chase Best Janitor Account was opened by "FLOR A CAICEDO."

f. On May 1, 2017, $14,500 in cash was withdrawn from the Chase Best Janitor Account, among other withdrawals

4

that day. On May 2, 2017, $12,000 in cash was
withdrawn from the Chase Best Janitor Account, among
other withdrawals that day. Because of the large
amount of the cash transactions, Chase bank required
verification of identity for the individual
withdrawing the funds. Bank records show that identity
was verified by presentation of the Caicedo License.

g. On or about December 13 and 14, 2017, FLOR ALEJANDRA
CAICEDO, the defendant, was interviewed twice by law
enforcement.  During the interviews, CAICEDO admitted
that she had opened the Suntrust Best Janitor Account.
CAICEDO stated that her checkbook had been stolen in
late-March or early-April of 2017.  When asked about
the $1,975,213.93 that Victim-1 had been defrauded
into sending to the Suntrust Best Janitor Account,
CAICEDO stated she had noticed when the significant
amount of money appeared in her account.  CAICEDO
stated she spent some of the money on cell phones,
school fees, automobile repairs, and other
miscellaneous expenses.  In addition, CAICEDO stated
that she withdrew $3,500 in cash before she was
notified by Suntrust bank that the Suntrust Best
Janitor Account was suspended due to suspicious
activity that was being investigated by the bank and
the police.  CAICEDO claimed that she did not know how
the money appeared in her account.  CAICEDO did not
disclose the transfers of funds from the Suntrust Best
Janitor Account to the Chase Best Janitor Account, nor
her subsequent withdrawals from the Chase Best Janitor
Account.

*Suntrust Melgust Account*

h. On or about May 16, 2018, a new bank account was
opened in Georgia at Suntrust Bank under the name
Melgust Investment LLC (the "Suntrust Melgust
Account").  The signor of the account is "Melissa
Guerrero" and the address "860 Cedar Brook Trl,
Lawrenceville, GA" is associated with the account.  An
Ohio driver's license bearing the number GM647930 was
used to open the account.

i. Based on records kept by the State of Ohio Bureau of
Motor Vehicles, no driver's license bearing the name
Melissa Guerrero and the number GM647930 was ever
issued.

j. On July 31, 2018, a law enforcement report was generated detailing that a law firm located in New York, New York ("Victim-2") reported that through a business e-mail compromise, Victim-2 had been fraudulently instructed to wire $746,535.20 on July 5, 2018, and $500,500.00 on July 9, 2018, to the Suntrust Melgust Account instead of its intended recipient, a client who had received a settlement payment in a personal injury action.

k. Bank records show that after the Suntrust Melgust Account received the combined $1,247,035.20 from Victim-2, portions of it were immediately transferred out via a series of withdrawals. For example, on July 9, 2018, there were eight withdrawals, in the form of outgoing wires and checks ranging from $7,500 to $220,000 to various beneficiaries, as well as 14 smaller outgoing wires, checks, cash withdrawals and commercials purchases ranging from $1.25 to $743.50. Within the next 7 days, there were eight additional large withdrawals ranging from $10,000 to $195,475 as well as numerous smaller outgoing wires, checks, cash withdrawals, and commercial purchases.

l. Notably, other than the wire transfers from Victim-2 into the Suntrust Melgust Account, the only other two deposits into the account were (1) a $100 cash deposit on May 16, 2018, to open the account, (2) and a $500 cash deposit on May 29, 2018, that was immediately withdrawn later that same day. Every other transaction during the approximately two-month lifetime of the account was a withdrawal.

m. I have reviewed security footage from Suntrust Bank, which shows that on multiple occasions, the individual accessing the account and making the withdrawals appears to be FLOR ALEJANDRA CAICEDO, the defendant, based on a comparison with the photograph on the Caicedo License.

*Fifth Third Melgust Account*

n. On or about May 16, 2018, a new bank account was opened in Georgia at Fifth Third Bank under the name Melgust Investment LLC (the "Fifth Third Melgust Account"). The signor of the account is "Melissa Guerrero" and the address "860 Cedar Brook Trl, Lawrenceville, GA" is associated with the account.  An

6

Ohio driver's license bearing the number GM647930 was used to open the account.

o. As referenced above, based on records kept by the State of Ohio Bureau of Motor Vehicles, no driver's license bearing the name Melissa Guerrero and the number GM647930 was ever issued.

p. On July 27, 2018, a law enforcement report was generated detailing that a couple ("Victim-3") located in Texas had reported that they were in the process of purchasing a residence. A business e-mail compromise occurred and Victim-3 received a fraudulent instruction purportedly from the real estate agent to wire $196,765.25 to the Fifth Third Melgust Account, which Victim-3 did.

q. Bank records show that after the Fifth Third Melgust Account received the money from Victim-3 on June 27, 2018, portions of it were immediately transferred out via a series of withdrawals. In the next two days, June 28-29, 2018, there were nine outgoing checks ranging from $6,000 to $50,000 to various beneficiaries and 4 smaller cash withdrawals and commercial purchases ranging from $36.50 to $1,001.78. By June 29, 2018, the balance of the Fifth Third Melgust Account had been depleted down to $736.34.

r. Notably, other than the wire transfer from Victim-3 into the Fifth Third Melgust Account, the only other deposit into the account was a $100 cash deposit on May 16, 2018, to open the account. Every other transaction during the approximately six-week lifetime of the account was a withdrawal.

s. I have reviewed security footage from Fifth Third bank, which shows that on multiple occasions, the individual accessing the account and making the withdrawals appears to be FLOR ALEJANDRA CAICEDO, the defendant, based on a comparison with the photograph on the Caicedo License.

*Chase Camzek Account*

t. On or about March 15, 2018, a new bank account was opened in Georgia at Chase bank under the name Camzek Investments LLC (the "Chase Camzek Account"). The signor of the account is "Camila Cruz" and the address

7

"3545 Cruse Rd, ste 309-c 132, Lawrenceville, GA" is associated with the account. A Georgia driver's license bearing the number 0597041833 was used to open the account.

u. Based on records kept by the Georgia Department of Driver Services, no driver's license bearing the name Camila Cruz and the number 0597041833 was ever issued.

v. On April 17, 2018, a law enforcement report was generated detailing that an individual ("Victim-4") located in California had reported that Victim-4 was in the process of purchasing real estate. A business e-mail compromise occurred and Victim-4 received a fraudulent instruction purportedly from the real estate agent to wire $130,681.24 to the Chase Camzek Account, which Victim-4 did on April 16, 2018.

w. On April 23, 2018, a law enforcement report was generated detailing that an individual ("Victim-5") located in California had reported that Victim-5 was in the process of purchasing real estate. A business e-mail compromise occurred and Victim-5 received a fraudulent instruction purportedly from the real estate agent to wire $49,012.99 to the Chase Camzek Account, which Victim-5 did on April 10, 2018.

x. Bank records show that after the Chase Camzek Account received the money from Victim-4 and Victim-5, portions of it were immediately transferred out via a series of withdrawals. Between April 10, 2018 and April 18, 2018, there were nine withdrawals, primarily checks and cashiers checks, ranging from $5,000 to $45,000 to various beneficiaries, as well as numerous smaller cash withdrawals, fees, and commercial purchases. By April 18, 2018, the balance of the Fifth Third Melgust Account had been completely depleted.

y. Notably, other than the wire transfers from Victim-4 and Victim-5 into the Chase Camzek Account, the only other two deposits into the account were (1) a $60 cash deposit on March 15, 2018, to open the account, and (2) a $200 wire transfer deposit on April 16, 2018. Every other transaction during the approximately one-month lifetime of the account was a withdrawal.

8

z. I have reviewed security footage from Chase bank, which shows that on multiple occasions, the individual accessing the account and making the withdrawals appears to be FLOR ALEJANDRA CAICEDO, the defendant, based on a comparison with the photograph on the Caicedo License.

*Fifth Third Camzek Account*

aa.     On or about May 15, 2018, a new bank account was opened in Georgia at Fifth Third bank under the name Camzek Investments LLC (the "Fifth Third Camzek Account"). The signor of the account is "Camila Cruz" and the address "3279 Sunrise Village Ln Apt E, Norcross, GA" is associated with the account. A Georgia driver's license bearing the number 0597041833 was used to open the account.

bb.     As referenced above, based on records kept by the Georgia Department of Driver Services, no driver's license bearing the name Camila Cruz and the number 0597041833 was ever issued.

cc.     On May 13, 2019, a law enforcement report was generated detailing that an individual ("Victim-6") located in Florida had reported that Victim-6 was in the process of purchasing real estate. A business e-mail compromise occurred and Victim-6 received a fraudulent instruction purporting to be from the real estate agent to wire $64,550.87 to the Fifth Third Camzek Account, which Victim-5 did on May 3, 2019.

dd.     Bank records show that after the Fifth Third Camzek Account received the money from Victim-6, portions of it were immediately transferred out via a series of withdrawals. On the next business day, May 6, 2019, there were 23 withdrawals in the form of outgoing wire transfers, cash withdrawals, and commercial purchases.

ee.     The bank records further show that on May 3, 2019, prior to the receipt of money from Victim-6, the balance of the Fifth Third Camzek Account was $47.31. By the end of May 6, 2019, the account was back to $32.40.

*Regions Canaery Account*

ff.     On or about February 7, 2019, a new bank account
was opened in Georgia at Regions bank under the name
Canaery Homes & Investments (the "Regions Canaery
Account").  The signor of the account is "Cynthia
Cortez" and the address "8033 Brockman Lane,
Nashville, TN" is associated with the account.  A
Tennessee driver's license bearing the number
086647789 was used to open the account.

gg.     Based on records kept by State of Tennessee
Driver Services, no driver's license bearing the name
Cynthia Cortez and the number 086647789 was ever
issued.

hh.     On May 7, 2019, a law enforcement report was
generated detailing that an individual ("Victim-7")
located in Virginia had reported that someone had
impersonated a friend of Victim-7 and told Victim-7
that Victim-7 was eligible to receive money through an
"Economy Aid Fund."  In order to receive the money
from the Fund, Victim-7 was instructed first to wire
money to several different accounts, one of which was
the Regions Canaery Account.  Victim-7 sent out money
to several of the listed accounts but ultimately did
not send money to the Regions Canaery Account.

ii.     However, bank records show that the Regions
Canaery Account did receive funds from other sources.
For example, on May 6, 2019, the Regions Canaery
Account received a cashier's check from the Fifth
Third Camzek Account in the amount of $35,565.  This
was one of the 23 withdrawals mentioned above from the
Fifth Third Camzek Account that all took place on the
same date. Portions of the $35,565 received by the
Regions Canaery Account were immediately transferred
out via a series of withdrawals, including an outgoing
check in the amount of $33,200 on May 10, 2019, and a
series of repeated smaller cash withdrawals and
commercial purchases.  When the Regions Canaery
Account was closed on June 14, 2019, the final balance
was $16.66.

jj.     I have reviewed security footage from Regions
bank, which shows that on May 31, 2019, the individual
accessing the account and making a withdrawal of $750
in cash from a drive-through ATM appears to be FLOR

ALEJANDRA CAICEDO, the defendant, based on a comparison with the photograph on the Caicedo License. In addition, the footage shows that the vehicle being driven by CAICEDO during the withdrawal has Georgia license plate RPM5004 (the "Vehicle"). According to records maintained by the State of Georgia, the Vehicle is registered to "Flor Alejandra Caicedo."

WHEREFORE, deponent respectfully requests that FLOR ALEJANDRA CAICEDO, the defendant, be imprisoned or bailed, as the case may be.

**s/ Michael Ryan by the Court with permission**

Special Agent Michael Ryan
Federal Bureau of Investigation

Sworn to before me via reliable electronic means (Facetime) this 23d day of July, 2020

_ THE HONORABLE BARBARA MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

11